## State Automobile Mutual Insurance Company v. Olson

*David H. Patterson,* for plaintiff.
*E. David Harr,* for defendant.

MIHALICH, *J.,* September 19, 1977 — Plaintiff, State Automobile Mutual Insurance Company, and defendant, Ray Olson d/b/a Olson's Auto Wreckers, entered into a written contract dated February 4, 1970. Plaintiff agreed to grant defendant the exclusive commercial right to purchase all salvaged vehicles acquired by plaintiff under "total loss" settlements in Allegheny, Fayette and Westmoreland Counties. Pursuant to the terms of the contract, defendant agreed to buy a 1969 Pontiac, 1965 Chevrolet and 1968 Chevrolet from plaintiff. Defendant picked up the salvaged vehicles but refuses to pay for them for the reason that plaintiff has not furnished him the certificates of title. Plaintiff alleges that defendant, as late as January 20, 1972, promised to make payment on said vehicles.

Upon defendant's failure to make payment, plaintiff instituted this action in assumpsit against defendant on October 14, 1976. Defendant filed a motion for summary judgment for the reason that the cause of action is barred by the four-year statute of limitations of the Uniform Commercial Code. It is upon defendant's motion that this matter comes before this court for consideration.

The issue for consideration by this court is whether plaintiff, State Automobile Mutual Insurance Company, is a "merchant" subject to the provisions of the Uniform Commercial Code of April 6, 1953, P.L. 3, 12A P.S. §1-101 et seq. Article 2, Sales, of the Uniform Commercial Code assumes that transactions between professionals in a given field require special and clear rules which may not apply to a casual or inexperienced seller or buyer. It thus adopts a policy of expressly stating rules applicable "between merchants" and "as against the merchant." Section 2-104, 12A P.S. §2-104, lays the foundation of this policy by defining those who are to be regarded as professionals or "merchants."

'§2-104. Definitions: 'Merchant'; 'Between Merchants'; 'Financing Agency'

"(1) 'Merchant' means a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

"2. The term 'merchant' as defined here roots in the 'law merchant' concept of a professional in business. The professional status under the definition may be based upon specialized knowledge as to the goods, specialized knowledge as to business practices, or specialized knowledge as to both and which kind of specialized knowledge may be sufficient to establish the merchant status is indicated by the nature of the provisions." Uniform Commercial Code Comment 2, 12A P.S. §2-104.

For the purposes of section 2-104, almost every person is a merchant under the language "who . . . by his occupation holds himself out as having knowledge or skill peculiar to the practices . . . involved in the transaction . . . " In this type of provision, banks or even universities well may be "merchants" but only in their mercantile capacity.

The court recognizes that sections 2-314, 2-402(2) and 2-403(2) of the Uniform Commercial Code are specifically limited in their scope to merchants "who deal in goods of that kind." Section 2-725, which provides for a four-year statute of limitations, is not limited to this restrictive definition of merchants; but, rather, is encompassed within the more expansive definition of one "who . . . by his occupation holds himself out as having knowledge or skill peculiar to the practices . . . involved in the transaction . . . "

Plaintiff's contract for the sale of its salvaged automobiles to defendant falls within the scope of its commercial activity. Plaintiff has knowledge or skill peculiar to such practices; consequently, the four-year statute of limitation provisions of section 2-725 apply to this proceeding. If we accept plaintiff's version that defendant's breach of contract occurred on January 20, 1972, plaintiff's complaint in assumpsit was filed four years and nine months after defendant's alleged renewed promise.

For the above-mentioned reasons, the court enters the following

## ORDER OF COURT

And now, September 19, 1977, the motion for summary judgment of defendant, Ray Olson d/b/a Olson's Auto Wreckers, is herein granted.